

David M. Connors (#3709)
Jonathan R. Schofield, (#8274)
LeBOEUF, LAMB, GREENE & MacRAE, L.L.P.
1000 Kearns Building
136 South Main Street
Salt Lake City, Utah 84101-1685
Telephone: (801) 320-6700
Fax: (801) 359-8256

Attorneys for Defendant NCR Corporation

---

## IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| OVERSTOCK.COM, INC., a Delaware corporation,<br><br>Plaintiff,<br><br>vs.<br><br>NCR CORPORATION, a Maryland corporation,<br><br>Defendant. | **ANSWER AND COUNTERCLAIMS**<br><br>Civil No. 2:03-CV-0123 PGC<br><br>Judge Paul G. Cassell |

Defendant NCR CORPORATION ("Defendant" or "NCR"), for its answer to the

Complaint filed January 3, 2003, (the "Complaint") of OVERSTOCK.COM, INC. ("Plaintiff" or

"Overstock"), states as follows:

### I.   ANSWER

### PARTIES

1.      On information and belief, NCR admits that Overstock is a Delaware corporation

with corporate offices at 6322 South 3000 East, Suite 100, Salt Lake City, Utah 84121.



2.      NCR admits that it is a Maryland corporation with a principal place of business in Dayton, Ohio.  NCR further admits that it is the assignee of the patents at issue and referred to in the Complaint as the "NCR Patents."  Otherwise, except as specifically admitted herein, the averments of Paragraph 2 of the Complaint are hereby denied.

## JURISDICTION

3.      Paragraph 3 of the Complaint does not contain any averments that a defendant would be required to either admit or deny under the Federal Rules of Civil Procedure.

4.      NCR admits that this Court has subject matter jurisdiction of this matter and personal jurisdiction over NCR.  NCR further admits that it is registered to do business in Utah, and has a registered agent for service of process in Salt Lake City, Utah.  Otherwise, except as specifically admitted herein, the averments of Paragraph 4 of the Complaint are hereby denied.

## VENUE

5.      NCR admits that venue is proper in this district.

## GENERAL ALLEGATIONS

6.      NCR is without sufficient information to either admit or deny the averments contained in Paragraph 6 of the Complaint, and, therefore, denies same.

7.      NCR admits the averments of Paragraph 7 of the Complaint.

8.      NCR admits that it sent a letter by Bruce Langos dated January 7, 2003 to Patrick Byrne, the Chief Executive of Overstock, (the "Letter"), which Letter speaks for itself.  Claim charts were attached to the Letter illustrating several examples of Overstock's infringing activities.  NCR, by the Letter, invited Overstock to enter into negotiations for a license to the

NCR Patents, but Overstock refused, choosing instead to file this lawsuit. Otherwise, except as specifically admitted herein, the averments of Paragraph 8 of the Complaint are hereby denied.

9.     NCR denies that it Mr. Langos at anytime "threatened" Overstock. Instead, the Letter stated that "NCR takes its intellectual property rights very seriously, and will, if need be, act vigorously to protect them. However, we generally prefer to resolve issues such as this on amicable, negotiated terms, and we hope that you share this view." The Letter further stated that "we have vigorously pursued litigation against infringers of our patent where they have refused to purchase appropriate licenses from us." These statements must be read in the context of the Letter, which speaks for itself. Therefore, except as specifically admitted herein, the averments of paragraph 9 are hereby denied.

10.    NCR, being unable to ascertain Overstock's state of mind, is without sufficient information to either admit or deny the averments of Paragraph 10, and, therefore, denies same.

11.    NCR admits that Overstock has denied that it infringes the NCR Patents, all of which are valid. Otherwise, except as specifically admitted herein, the averments of Paragraph 11 of the Complaint are hereby denied.

12.    NCR admits that a justiciable controversy exists between NCR and Overstock as to whether Overstock infringes any claim of the NCR Patents. Otherwise, except as specifically admitted herein, the averments, if any, of Paragraph 12 of the Complaint are hereby denied.

### FIRST CLAIM FOR RELIEF
(Declaratory Relief as to the '855 Patent)

13.    NCR responds to the averments incorporated by reference in paragraph 13 of the Complaint by hereby incorporating its responses as set forth above in paragraphs 1-12 above as if set forth herein in full.

14.     NCR denies the averments of paragraph 14 of the Complaint.

**SECOND CLAIM FOR RELIEF**
(Declaratory Relief as to the '203 Patent)

15.     NCR responds to the averments incorporated by reference in paragraph 15 of the Complaint by hereby incorporating its responses as set forth above in paragraphs 1-14 above as if set forth herein in full.

16.     NCR denies the averments of paragraph 16 of the Complaint.

**THIRD CLAIM FOR RELIEF**
(Declaratory Relief as to the '997 Patent)

17.     NCR responds to the averments incorporated by reference in paragraph 17 of the Complaint by hereby incorporating its responses as set forth above in paragraphs 1-16 above as if set forth herein in full.

18.     NCR denies the averments of paragraph 18 of the Complaint.

**FOURTH CLAIM FOR RELIEF**
(Declaratory Relief as to the '601 Patent)

19.     NCR responds to the averments incorporated by reference in paragraph 19 of the Complaint by hereby incorporating its responses as set forth above in paragraphs 1-18 above as if set forth herein in full.

20.     NCR denies the averments of paragraph 20 of the Complaint.

**FIFTH CLAIM FOR RELIEF**
(Declaratory Relief as to the '403 Patent)

21.     NCR responds to the averments incorporated by reference in paragraph 21 of the Complaint by hereby incorporating its responses as set forth above in paragraphs 1- 20 above as if set forth herein in full.

22.     NCR denies the averments of paragraph 22 of the Complaint.

## SIXTH CLAIM FOR RELIEF
(Declaratory Relief as to the '791 Patent)

23.     NCR responds to the averments incorporated by reference in paragraph 23 of the Complaint by hereby incorporating its responses as set forth above in paragraphs 1- 22 above as if set forth herein in full.

24.     NCR denies the averments of paragraph 24 of the Complaint.

## SEVENTH CLAIM FOR RELIEF
(Declaratory Relief as to the '643 Patent)

25.     NCR responds to the averments incorporated by reference in paragraph 25 of the Complaint by hereby incorporating its responses as set forth above in paragraphs 1- 24 above as if set forth herein in full.

26.     NCR denies the averments of paragraph 26 of the Complaint.

## EIGHTH CLAIM FOR RELIEF
(Declaratory Relief as to the '496 Patent)

27.     NCR responds to the averments incorporated by reference in paragraph 27 of the Complaint by hereby incorporating its responses as set forth above in paragraphs 1- 26 above as if set forth herein in full.

28.     NCR denies the averments of paragraph 28 of the Complaint.

## NINTH CLAIM FOR RELIEF
(Declaratory Relief as to the '526 Patent)

29.     NCR responds to the averments incorporated by reference in paragraph 29 of the Complaint by hereby incorporating its responses as set forth above in paragraphs 1- 28 above as if set forth herein in full.

30.     NCR denies the averments of paragraph 30 of the Complaint.

### TENTH CLAIM FOR RELIEF
(Declaratory Relief as to the '798 Patent)

31.     NCR responds to the averments incorporated by reference in paragraph 31 of the Complaint by hereby incorporating its responses as set forth above in paragraphs 1- 30 above as if set forth herein in full.

32.     NCR is without sufficient information to either admit or deny the averments of paragraph 32 of the Complaint, and, therefore, denies same.

### PRAYER FOR RELIEF

33.     The Prayer for Relief set forth in the Complaint following paragraph 32 does not contain any averments that NCR would be required to either admit or deny by the Federal Rules of Civil Procedure.  Alternatively, to the extent there are any averments contained in Plaintiffs' Prayer for Relief, NCR hereby denies same.

34.     Except as specifically admitted above, all averments contained in the Complaint are hereby denied.

35.     NCR reserves the right to assert additional defenses or affirmative defenses as the bases for such defenses are learned through discovery.


## II. COUNTERCLAIMS

Defendant and Counter-Plaintiff, NCR, for its counterclaims against Plaintiff and Counter-Defendant, Overstock, states as follows:

## STATEMENT OF FACTS

1.      The averments admitted by NCR above as part of NCR's Answer to Plaintiff's Complaint in paragraphs 1-35 above are incorporated herein by reference as if set forth in full.

2.      The following claims for patent infringement arise under the Patent Laws of the United States, 35 U.S.C. §§ 281 *et seq*.  This Court has jurisdiction over the subject matter of these claims under 28 U.S.C. § 1338(a).  Venue is proper in this judicial district under 28 U.S.C. § 1400(b).

3.      Counterclaim-Plaintiff NCR is the owner by assignment of the following patents (referred to collectively below as the "NCR Patents"):

        a.      U.S. Patent No. 6,480,855 (the "'855 Patent"), issued on November 12, 2002, entitled "Managing a Resource on a Network where each Resource has an Associated Profile with an Image";

        b.      U.S. Patent No. 6,253,203 (the "'203 Patent"), issued on June 26, 2001, entitled "Privacy-Enhanced Database";

        c.      U.S. Patent No. 6,169,997 (the "'997 Patent"), issued on January 2, 2001, entitled "Method and Apparatus for Forming Subject (Context) Map and Presenting Internet Data According to the Subject Map";

        d.      U.S. Patent No. 6,151,601 (the "'601 Patent"), issued on November 21, 2000, entitled "Computer Architecture and Method for Collecting, Analyzing and/or Transforming Internet and/or Electronic Commerce Data for Storage into a Data Storage Area ";

        e.      U.S. Patent No. 6,206,403 (the "'403 Patent"), issued on February 15, 2000, entitled "Computer System for Management of Resources";

f.      U.S. Patent No. 5,991,791 (the "'791 Patent"), issued on November 23,

1999, entitled "Security Aspects of Computer Resource Repositories";

g.      U.S. Patent No. 5,951,643 (the "'643 Patent"), issued on September 14,

1999, entitled "Mechanism for Dependably Organizing and Managing Information for Web

Synchronization and Tracking Among Multiple Browsers";

Otherwise, except as specifically admitted herein, the factual averments of Paragraph 7 of the

Complaint are hereby denied.

h.      U.S. Patent No. 5,832,496 (the "'496 Patent"), issued on November 3,

1998, entitled "System and Method for Performing Intelligent Analysis of a Computer

Database";

i.      U.S. Patent No. 5,699,526 (the "'526 Patent"), issued on December 16,

1997, entitled "Ordering and Downloading Resources from Computerized Repositories."

4.      Overstock owns and operates three websites, www.overstock.com,

www.overstockb2b.com, and www.worldstock.com (collectively, the "Websites").

5.      Overstock, by its design, manufacture or construction of the Websites and/or the

supporting systems, and/or by its use and operation of the Websites, and/or by performing certain

methods in connection with the operation of the Websites, has infringed and continues to

infringe one or more claims of each of the NCR Patents.  The Websites, including the system or

systems, including hardware, data, firmware, and software, that constitute the Websites or make

the operation of the Websites possible, are referred to herein as the "Accused Systems."

## FIRST COUNTERCLAIM FOR RELIEF
(Infringement of U.S. Patent No. 6,480,855)

6.     Counterclaim-Plaintiff NCR incorporates by reference the factual allegations set forth in paragraphs 1 - 5 above as if set forth herein in full.

7.     Counterclaim-Plaintiff NCR states that, to the best of its knowledge, information, and belief, formed after an inquiry reasonable under the circumstances, it will likely be able to fully prove after a reasonable opportunity for further investigation or discovery that:

   (a) In violation of 35 U.S.C. § 271(a), (b), and/or (c), Counterclaim-Defendant Overstock has infringed and is infringing the '855 patent by making, using, selling, or offering to sell the inventions protected by one or more claims of the '855 patent, and/or has induced or contributed to infringement of the '855 patent;

   (b) Counterclaim-Defendant Overstock's infringement of NCR's '855 patent as set forth herein has been and is deliberate and willful, making this an exceptional case within the meaning of 35 U.S.C. § 285; and

   (c) The infringement by Overstock of NCR's '855 patent has caused and will continue to cause NCR monetary damage and irreparable harm for which it has no adequate remedy at law.

## SECOND COUNTERCLAIM FOR RELIEF
(Infringement of U.S. Patent No. 6,253,203)

8.     Counterclaim-Plaintiff NCR incorporates by reference the factual allegations set forth in paragraphs 1 - 7 above as if set forth herein in full.

9.     Counterclaim-Plaintiff NCR states that, to the best of its knowledge, information, and belief, formed after an inquiry reasonable under the circumstances, it will likely be able to fully prove after a reasonable opportunity for further investigation or discovery that:

(a) In violation of 35 U.S.C. § 271(a), (b), and/or (c), Counterclaim-Defendant Overstock has infringed and is infringing the '203 patent by making, using, selling, or offering to sell the inventions protected by one or more claims of the '203 patent, and/or has induced or contributed to infringement of the '203 patent;

(b) Counterclaim-Defendant Overstock's infringement of NCR's '203 patent as set forth herein has been and is deliberate and willful, making this an exceptional case within the meaning of 35 U.S.C. § 285; and

(c) The infringement by Overstock of NCR's '203 patent has caused and will continue to cause NCR monetary damage and irreparable harm for which it has no adequate remedy at law.

## THIRD COUNTERCLAIM FOR RELIEF
(Infringement of U.S. Patent No. 6,169,997)

10.    Counterclaim-Plaintiff NCR incorporates by reference the factual allegations set forth in paragraphs 1 - 9 above as if set forth herein in full.

11.    Counterclaim-Plaintiff NCR states that, to the best of its knowledge, information, and belief, formed after an inquiry reasonable under the circumstances, it will likely be able to fully prove after a reasonable opportunity for further investigation or discovery that:

(a) In violation of 35 U.S.C. § 271(a), (b), and/or (c), Counterclaim-Defendant Overstock has infringed and is infringing the '997 patent by making, using,

selling, or offering to sell the inventions protected by one or more claims of the
'997 patent, and/or has induced or contributed to infringement of the '997 patent;

(b)  Counterclaim-Defendant Overstock's infringement of NCR's '997 patent as set
forth herein has been and is deliberate and willful, making this an exceptional
case within the meaning of 35 U.S.C. § 285; and

(c)  The infringement by Overstock of NCR's '997 patent has caused and will
continue to cause NCR monetary damage and irreparable harm for which it has no
adequate remedy at law.

<u>**FOURTH COUNTERCLAIM FOR RELIEF**</u>
(Infringement of U.S. Patent No. 6,151,601)

12.     Counterclaim-Plaintiff NCR incorporates by reference the factual allegations set
forth in paragraphs 1 - 11 above as if set forth herein in full.

13.     Counterclaim-Plaintiff NCR states that, to the best of its knowledge, information,
and belief, formed after an inquiry reasonable under the circumstances, it will likely be able to
fully prove after a reasonable opportunity for further investigation or discovery that:

(a)  In violation of 35 U.S.C. § 271(a), (b), and/or (c), Counterclaim-Defendant
Overstock has infringed and is infringing the '601 patent by making, using,
selling, or offering to sell the inventions protected by one or more claims of the
'601 patent, and/or has induced or contributed to infringement of the '601 patent;

(b)  Counterclaim-Defendant Overstock's infringement of NCR's '601 patent as set
forth herein has been and is deliberate and willful, making this an exceptional
case within the meaning of 35 U.S.C. § 285; and

11

(c)  The infringement by Overstock of NCR's '601 patent has caused and will continue to cause NCR monetary damage and irreparable harm for which it has no adequate remedy at law.

## FIFTH COUNTERCLAIM FOR RELIEF
### (Infringement of U.S. Patent No. 6,026,403)

14.  Counterclaim-Plaintiff NCR incorporates by reference the factual allegations set forth in paragraphs 1 - 13 above as if set forth herein in full.

15.  Counterclaim-Plaintiff NCR states that, to the best of its knowledge, information, and belief, formed after an inquiry reasonable under the circumstances, it will likely be able to fully prove after a reasonable opportunity for further investigation or discovery that:

(a)  In violation of 35 U.S.C. § 271(a), (b), and/or (c), Counterclaim-Defendant Overstock has infringed and is infringing the '403 patent by making, using, selling, or offering to sell the inventions protected by one or more claims of the '403 patent, and/or has induced or contributed to infringement of the '403 patent;

(b)  Counterclaim-Defendant Overstock's infringement of NCR's '403 patent as set forth herein has been and is deliberate and willful, making this an exceptional case within the meaning of 35 U.S.C. § 285; and

(c)  The infringement by Overstock of NCR's '403 patent has caused and will continue to cause NCR monetary damage and irreparable harm for which it has no adequate remedy at law.

## SIXTH COUNTERCLAIM FOR RELIEF
(Infringement of U.S. Patent No. 5,991,791)

16.     Counterclaim-Plaintiff NCR incorporates by reference the factual allegations set forth in paragraphs 1 - 15 above as if set forth herein in full.

17.     Counterclaim-Plaintiff NCR states that, to the best of its knowledge, information, and belief, formed after an inquiry reasonable under the circumstances, it will likely be able to fully prove after a reasonable opportunity for further investigation or discovery that:

    (a)  In violation of 35 U.S.C. § 271(a), (b), and/or (c), Counterclaim-Defendant Overstock has infringed and is infringing the '791 patent by making, using, selling, or offering to sell the inventions protected by one or more claims of the '791 patent, and/or has induced or contributed to infringement of the '791 patent;

    (b)  Counterclaim-Defendant Overstock's infringement of NCR's '791 patent as set forth herein has been and is deliberate and willful, making this an exceptional case within the meaning of 35 U.S.C. § 285; and

    (c)  The infringement by Overstock of NCR's '791 patent has caused and will continue to cause NCR monetary damage and irreparable harm for which it has no adequate remedy at law.

## SEVENTH COUNTERCLAIM FOR RELIEF
(Infringement of U.S. Patent No. 5,951,643)

18.     Counterclaim-Plaintiff NCR incorporates by reference the factual allegations set forth in paragraphs 1 - 17 above as if set forth herein in full.

19.     Counterclaim-Plaintiff NCR states that, to the best of its knowledge, information, and belief, formed after an inquiry reasonable under the circumstances, it will likely be able to fully prove after a reasonable opportunity for further investigation or discovery that:

(a) In violation of 35 U.S.C. § 271(a), (b), and/or (c), Counterclaim-Defendant Overstock has infringed and is infringing the '643 patent by making, using, selling, or offering to sell the inventions protected by one or more claims of the '643 patent, and/or has induced or contributed to infringement of the '643 patent;

(b) Counterclaim-Defendant Overstock's infringement of NCR's '643 patent as set forth herein has been and is deliberate and willful, making this an exceptional case within the meaning of 35 U.S.C. § 285; and

(c) The infringement by Overstock of NCR's '643 patent has caused and will continue to cause NCR monetary damage and irreparable harm for which it has no adequate remedy at law.

### EIGHTH COUNTERCLAIM FOR RELIEF
(Infringement of U.S. Patent No. 5,832,496)

20.     Counterclaim-Plaintiff NCR incorporates by reference the factual allegations set forth in paragraphs 1 - 19 above as if set forth herein in full.

21.     Counterclaim-Plaintiff NCR states that, to the best of its knowledge, information, and belief, formed after an inquiry reasonable under the circumstances, it will likely be able to fully prove after a reasonable opportunity for further investigation or discovery that:

(a) In violation of 35 U.S.C. § 271(a), (b), and/or (c), Counterclaim-Defendant Overstock has infringed and is infringing the '496 patent by making, using,

14

selling, or offering to sell the inventions protected by one or more claims of the
'496 patent, and/or has induced or contributed to infringement of the '496 patent;

(b) Counterclaim-Defendant Overstock's infringement of NCR's '496 patent as set
forth herein has been and is deliberate and willful, making this an exceptional
case within the meaning of 35 U.S.C. § 285; and

(c) The infringement by Overstock of NCR's '496 patent has caused and will
continue to cause NCR monetary damage and irreparable harm for which it has no
adequate remedy at law.

## NINTH COUNTERCLAIM FOR RELIEF
(Infringement of U.S. Patent No. 5,699,526)

22.     Counterclaim-Plaintiff NCR incorporates by reference the factual allegations set
forth in paragraphs 1 - 21 above as if set forth herein in full.

23.     Counterclaim-Plaintiff NCR states that, to the best of its knowledge, information,
and belief, formed after an inquiry reasonable under the circumstances, it will likely be able to
fully prove after a reasonable opportunity for further investigation or discovery that:

(a) In violation of 35 U.S.C. § 271(a), (b), and/or (c), Counterclaim-Defendant
Overstock has infringed and is infringing the '526 patent by making, using,
selling, or offering to sell the inventions protected by one or more claims of the
'526 patent, and/or has induced or contributed to infringement of the '526 patent;

(b) Counterclaim-Defendant Overstock's infringement of NCR's '526 patent as set
forth herein has been and is deliberate and willful, making this an exceptional
case within the meaning of 35 U.S.C. § 285; and

(c) The infringement by Overstock of NCR's '526 patent has caused and will continue to cause NCR monetary damage and irreparable harm for which it has no adequate remedy at law.

**PRAYER FOR RELIEF**

**WHEREFORE,** NCR requests judgment:

(a)    That each of the NCR Patents, and claim thereof, are valid and enforceable;

(b)    That Overstock has infringed one or more claim of each of the NCR Patents and that its infringement has been willful;

(c)    That NCR has been irreparably harmed by the infringing activities of Overstock;

(d)    That Overstock, its officers, agents, servants, employees and those persons in active concert or participation with any of them, as well as all successors or assignees of the interests or assets related to the Accused Systems, be permanently enjoined from further infringement of the '264 Patent;

(e)    That an accounting be had for the damages caused to NCR by the infringing activities of Overstock;

(f)    That Overstock be awarded damages adequate to compensate for Overstock's infringement, which shall include lost profits but in no event shall be less than a reasonable royalty for the use made of the inventions of the NCR Patents by Overstock, including pre- and post-judgment interest, and costs, including expenses;

(g)    That, once actual damages are assessed, damages so ascertained be trebled in view of the willful and deliberate nature of the infringement and be awarded to NCR, with interest;

16

(h)     That this be declared an exceptional case and that NCR be awarded its attorneys' fees; and

(i)     That NCR be awarded such further necessary or proper relief as this Court may deem just.

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, NCR hereby demands a trial by jury of all issues so triable.


DATED this 24th day of March, 2003.


                          LEBOEUF, LAMB, GREENE & MACRAE, L.L.P.


                          _____
                          David M. Connors
                          Jonathan R. Schofield

                          **Attorneys for Defendant NCR CORPORATION**


Of Counsel:

Paul R. Gupta
LeBOEUF, LAMB, GREENE & MacRAE, L.L.P.
125 W. 55th Street
New York, NY 10019-5389
Phone: 212-424-8000

Brian A. Carpenter
LeBOEUF, LAMB, GREENE & MacRAE, L.L.P.
633 17th Street, Suite 2000
Denver, CO 80202
Phone:  303-291-2600

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing **ANSWER AND COUNTERCLAIMS** was deposited in the United States Mail, postage pre-paid, on this 24th day of _March_ , 2003 addressed to:

Michael L. Larson
David G. Mangum
David M. Bennion
John E. Delaney
PARSONS BEHLE & LATIMER
One Utah Center
201 South Main Street, Suite 1800
P.O. Box 45898
Salt Lake City, Utah 84145-0898

_Marilyn Oston_

18